# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MONIQUE B.,[1]  )
o.b.o. MARK S. B.  )
                              )
       **Plaintiff,**   )
                              )     **CIVIL ACTION**
v.                            )
                              )     **No. 24-1134-JWL**
**MICHELLE A. KING,**[2]  )
**Acting Commissioner of Social Security,**  )
                              )
       **Defendant.**   )
_____)

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits, to her father (the claimant, or Claimant) who is now deceased, pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On January 21, 2025, Ms. King became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. King is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. Pursuant to the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.     Background

Claimant protectively filed applications for SSDI and SSI benefits on September 28, 2021. (R. 38, 185-200). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ found Dr. Brandhorst's prior administrative medical findings persuasive but failed to credit her opinion the claimant was moderately limited in "[t]he ability to work in coordination with or in proximity to others without being distracted by them." (R. 95, 105).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the

evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals

3

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, the claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on the claimant to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.     Discussion

### A.     The Parties' Arguments

Plaintiff notes that the ALJ found Dr. Brandhorst's opinion persuasive, and that "Dr. Brandhorst opined, in part, that '[t]he claimant would be moderately limited with…working in coordination with or in proximity to others without being distracted by them.'"  (Pl. Br. 6-7) (quoting R. 95, 105).  She argues, "the vocational expert [(VE)] testimony and Dictionary of Occupational Titles suggest that social limitations would be

outcome-determinative" because a limitation to occasional social interaction would eliminate the representative jobs of which the VE testified the claimant is capable and both representative jobs require "work with and in proximity to others." (Pl. Br. 7-8). Plaintiff argues that, consequently, the ALJ's RFC assessment of no social limitations conflicts with Dr. Brandhorst's opinion and his failure to explain why is reversible error. Id. at 8-10 (citing, among others, James Bradley H. v. O'Malley, No. CV-23-2514-JWL, 2024 WL 4103642, at *3 (D. Kan. Sept. 6, 2024)).

The Commissioner argues, "Plaintiff's argument is premised on a misreading of Dr. Brandhorst's findings as to what workplace restrictions Claimant required. Contrary to Plaintiff's position, the ALJ included in the RFC all actual workplace restrictions Dr. Brandhorst found Claimant required." (Comm'r Br. 6). She points out Dr. Brandhorst opined that the claimant had mental limitations only in the areas of understanding and memory, and in sustained concentration and persistence. Id. She points out that Dr. Brandhorst provided a narrative explanation of the claimant's sustained concentration and persistence abilities: "The claimant would be moderately limited with carrying out detailed instruction, maintaining attention and concentration for extended periods of time, and working in coordination with or in proximity to others without being distracted by them." (R. 95). The Commissioner points out, "Dr. Brandhorst found that Claimant had no limitations with social interaction, and no limitations with adaptation." (Comm'r Br. 6) (citing R. 95, see also, R. 91 (Finding moderate limitations in the mental functional areas of understand, remember, or apply information; and concentrate, persist, or maintain pace; and mild limitations in the broad mental functional areas of interact with

5

others; and adapt or manage oneself.).  She argues that, consequently, "Plaintiff's argument that the ALJ should have found additional restrictions is effectively nothing more than a disagreement with Dr. Brandhorst's conclusion that Claimant's limitations would be accounted for by limiting him to simple work."  (Comm'r Br. 7).

**B.      Analysis**

As Plaintiff correctly points out, when the RFC an ALJ assesses conflicts with a medical opinion or a prior administrative medical finding, the ALJ must explain why he did not adopt the opinion or finding.  Soc. Sec. Ruling (SSR) 96-8p, 1996 WL 374184, *3 (SSA July 2, 1996); James Bradley H., 2024 WL 4103642, at *3.  "[A]n ALJ must explain his reasons for accepting some of a physician's restrictions while rejecting others."  (Pl. Br. 8) (citing Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007)).

The reason that principle does not require remand in this case is that the RFC assessed does not conflict with Dr. Brandhorst's opinion.

Dr. Brandhorst's analysis of her opinion at issue here is presented below altered only in the size of boxes:

| Sustained Concentration and Persistence | Rating |
| --- | --- |
| The ability to carry out very short and simple instructions | Not Significantly Limited |
| The ability to carry out detailed instructions | Moderately Limited |
| The ability to maintain attention and concentration for extended periods | Moderately Limited |
| The ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances | Not Significantly Limited |
| The ability to sustain an ordinary routine without special supervision | Not Significantly Limited |

6

| | |
|---|---|
| The ability to work in coordination with or in proximity to others without being distracted by them | Moderately Limited |
| The ability to make simple work-related decisions | Not Significantly Limited |
| The ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods | Not Significantly Limited |

> Explain in narrative form the sustained concentration and persistence capacities and/or limitations.
>
> The claimant would be moderately limited with carrying out detailed instruction, maintaining attention and concentration for extended periods of time, and working in coordination with or in proximity to others without being distracted by them.

(R. 95). Dr. Brandhorst provided an "Additional Explanation" for her Mental RFC: "The claimant can understand, remember, and carry out a two-step command involving simple instructions. The claimant retains sufficient mental capacity to carry out two-step commands with adequate persistence and pace; but he would struggle with detailed or complex instructions." Id.

As is clear from Dr. Brandhorst's prior administrative medical findings in context, her opinion that the claimant was moderately limited in the ability to work in coordination with or in proximity to others without being distracted by them has to do with sustained concentration and persistence, not with his ability to interact with others. In other words, she did not find he had a limited ability to work in coordination with or in proximity to others but that when he worked in coordination with or in proximity to others his concentration and persistence would be moderately limited. It was in this context that she determined the claimant was capable of carrying out two-step commands

7

with adequate persistence and pace, but not detailed or complex instructions.  Plaintiff has shown no conflict between this mental RFC assessed by Dr. Brandhorst and the mental RFC assessed by the ALJ (that the claimant "can understand, remember and carry out simple work instructions and tasks."  (R. 44)).

Having failed to show a conflict, Plaintiff's allegation of error must also fail.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated February 6, 2025, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**